UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AUBURN HILLS HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NEW PAGE PROPERTIES, LLC,<br><br>Defendant. | Case No. 2:22-cv-4102-NKL |

### ORDER

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant New Page Properties, LLC. *See* Doc. 6. New Page argues that the Complaint filed by Plaintiff Auburn Hills Homeowners Association, Doc. 1, which attempts to state claims for breach of contract and a declaratory judgment, fails to establish that this Court can exercise its subject matter jurisdiction. As discussed in detail below, the Court agrees, and accordingly this case is DISMISSED.

I. BACKGROUND

Auburn Hills Homeowners Association (the "HOA") is a homeowner's association responsible for various parcels of land in Boone County, Missouri. The HOA is empowered by the Declaration of Covenants, Easements and Restrictions of Auburn Hills, a Subdivision of Boone County Missouri (the "Declaration") to enforce the requirements of the Declaration against property owners. Doc. 1, ¶¶ 10–13. Defendant New Page Properties, LLC owns property subject to the Declaration. *Id.* ¶¶ 8–9, 14. The HOA is entitled to fine property owners who violate the Declaration, initiate litigation, and recover the attorneys' fees and costs it incurs enforcing the

1

Declaration. The HOA fined New Page because it has allegedly failed to properly maintain its property, in violation of the Declaration. New Page has not paid the fines. The HOA anticipates that New Page will argue that the HOA's enforcement efforts[1] are discriminatory, in violation of the Fair Housing Act.[2]

On July 1, 2022, the HOA filed a Complaint in this Court. The HOA seeks a declaration, pursuant to the Declaratory Judgment Act,[3] that it has not violated the Fair Housing Act. The HOA further brings a breach of contract claim against New Page for failing to comply with the Declaration. The HOA claims federal jurisdiction is proper under the Fair Housing Act—specifically 42 U.S.C. § 3613(a)(1).

## II. STANDARD

The party seeking to invoke federal jurisdiction "must sufficiently allege the basis for federal subject matter jurisdiction in its complaint." *Victor Foods, Inc. v. Crossroads Economic Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992); *Bowe v. Northwest Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir. 1992). A motion for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be facial or factual. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In the context of a facial challenge, like the one before the Court, the Complaint's factual allegations are presumed true, and the Court, looking only at the face of the Complaint, determines

---

[1] New Page's exact theory of discrimination is unclear, but it is ultimately irrelevant to the resolution of its Motion to Dismiss. At bottom, it appears the HOA anticipates that New Page will argue that either the Declaration, or the HOA's enforcement of it, is discriminatory and therefore New Page is not liable for the fines levied against it. There is no suggestion that New Page anticipates filing an independent cause of action against the HOA for violating the Fair Housing Act.

[2] 42 U.S.C. § 3601 *et seq.*

[3] 28 U.S.C. § 2201.

whether an "element necessary for subject matter jurisdiction" is missing. *Id*.

## III. DISCUSSION

The federal Declaratory Judgment Act is a procedural statute, not a jurisdictional one. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 15–16 (1983); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). It is meant to "provide an additional remedy where [federal] jurisdiction already exists." *Terminal Freight Handling Co. v. Solien for & on Behalf of N. L. R. B.*, 444 F.2d 699, 703 (8th Cir. 1971). Therefore, a federal court will not have jurisdiction over an action seeking a declaratory judgment unless it otherwise comes within a traditional congressional grant of jurisdiction. *State of Mo. ex rel. Missouri Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997); *Terminal Freight Handling Co. v. Solien*, 444 F.2d 699, 703 (8th Cir. 1971).

The HOA attempts to invoke the Court's federal question jurisdiction, meaning it believes it pleads "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Doc. 1 (Complaint), at ¶ 1.[4] To do so successfully, the federal question must appear on the face of the plaintiff's complaint; said differently, the plaintiff's "well-pleaded complaint must establish that the cause of action arises under federal law." *See Franchise Tax Board*, 463 U.S. at 10; *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908).

The existence of a potential federal defense to a state law claim normally does not create federal question jurisdiction. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). Because of that, when "a declaratory judgment complaint essentially invokes a federal-law defense to a state-

---

[4] For the avoidance of doubt, it is clear from the face of the Complaint that the parties are both citizens of Missouri, and therefore this case could not be premised on diversity. *See* Doc. 1, at ¶¶ 4–7.

based claim, it is the character of the threatened state action that determines whether federal courts have jurisdiction." *Gaar v. Quirk*, 86 F.3d 451, 454 (5th Cir. 1996).

The HOA filed its breach of contract claim—arising under state law—to remedy New Page's violations of the Declaration. The only federal issue—the Fair Housing Act—appears in two ways, neither of which support federal jurisdiction.

First, the HOA appears to argue that its claim arises under the Fair Housing Act. *See* Doc. 1, at ¶ 1. This argument fails. There are no allegations to support the HOA's reliance on 42 U.S.C. § 3613(a)(1) as an independent source of jurisdiction. § 3613(a)(1) of the Fair Housing Act permits an aggrieved person—a person who has been, or believes that she will soon be, subjected to a discriminatory housing practice—to challenge that practice in federal court. 42 U.S.C. § 3613(a)(1); 42 U.S.C. § 3602(i). The HOA is not an aggrieved person, and therefore it cannot itself proceed under the cited portion of the Fair Housing Act.

Second, the HOA anticipates that New Page may use the Fair Housing Act as a defense to the HOA's state law breach of contract claim. *See generally* Doc. 11 (Pl.'s Opp'n to Mot. Dismiss), at 1–2. The HOA therefore asks this Court to preemptively declare that federal law does not prevent its enforcement efforts.[5] That is not enough to establish subject matter jurisdiction. *Pittman Farms v. Kuehl Poultry LLC*, 19-CV-3040, 2020 WL 2490048, at *2 (D. Minn. May 14, 2020) ("However, the traditional coercive cause of action implicated by [plaintiffs' declaratory judgment action] . . . is a breach-of-contract suit in which the federal question presented here—the constitutionality of Minnesota law—would be raised only as an affirmative defense . . . That is not enough to trigger federal subject-matter jurisdiction under *Skelly Oil* and § 1331.") (internal

---

[5] As discussed above, nowhere is there any suggestion that the HOA anticipates New Page filing a claim against the HOA for violating the Fair Housing Act. It appears only that New Page will raise the Fair Housing Act as a defense to its liability under the Declaration.

citations omitted); *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936) ("Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense."); *N. Cent. F.S., Inc. v. Brown*, 951 F. Supp. 1383, 1397 (N.D. Iowa 1996) ("Thus, the threatened or actual action prompting the purely declaratory claims here is a state-law breach-of-contract suit to which the assertedly federal issue of the illegality of the HTAs under [federal law] is an affirmative defense.").

The HOA does not address any of New Page's jurisdictional arguments. Instead, it argues only that its declaratory judgment action is properly in federal court because it is "definite and concrete, touching the legal relations of parties having adverse legal interests. It [is] a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Doc. 11 (Opp'n to Mot. Dismiss), at 3 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). Even accepting that this is all true, the HOA's arguments do nothing to establish this Court's subject matter jurisdiction, a completely distinct—but equally necessary—inquiry.

At bottom, the HOA argues that federal question jurisdiction exists because "the Court must construe The Fair Housing Act, and such construction will either give plaintiff the right to enforce the Declaration against defendant's properties, or it will be found discriminatory and, thus, unenforceable." Doc. 11, at 3. While that may be true, the HOA's underlying right to recovery—its breach of contract action—does not arise under federal law. The HOA merely seeks to use a declaratory judgment action as a vehicle to preemptively raise—and defeat—New Page's potential federal defense to the HOA's state court breach of contract action. *Gully*, 299 U.S. at 113. This is not enough for federal question jurisdiction. Accordingly, the Missouri Courts must decide in the first instance whether any Fair Housing Act defense has merit. *Davila*, 542 U.S. at 207; *Int'l*

5

*Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995) ("[T]he Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action."); *Gaar v. Quirk*, 86 F.3d 451, 454 (5th Cir. 1996) ("A petition for declaratory judgment concerning federal law is not sufficient to create federal jurisdiction; hence the relevant cause of action must arise under some other federal law[.]") (quotation omitted); *N. Cent. F.S., Inc.*, 951 F. Supp. at 1400 (dismissing for lack of subject matter jurisdiction a declaratory judgment action seeking declaration that certain contracts were legal under federal law, anticipating the illegality defense of opposing party).

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion, Doc. 6, is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 10/12/2022
Jefferson City, Missouri